FILED
United States Court of Appeals
Tenth Circuit

May 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY DEWAYNE MEACHAM,

Defendant - Appellant.

No. 08-3082

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 6:07-CR-10053-WEB-1)**

Vicki Mandell-King, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with her on the briefs), Office of the Federal Public Defender for the District of Colorado, Denver, Colorado, appearing for Appellant.

David M. Lind, Assistant United States Attorney (Marietta Parker, Acting United States Attorney, with him on the brief), Office of the United States Attorney for the District of Kansas, Wichita, Kansas, appearing for Appellee.

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

**TACHA**, Circuit Judge.

A jury convicted defendant-appellant Gary Dewayne Meacham of four

counts of possessing unregistered destructive devices, in violation of 26 U.S.C.

§ 5861(d), and one count of aiding and abetting an arson, in violation of 18 U.S.C. § 844(i) and § 2. He appeals the district court's denial, without first holding an evidentiary hearing, of his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. He also appeals his sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742(a). We AFFIRM the district court's decision regarding the Rule 33 motion but REMAND for resentencing.

## I. BACKGROUND

Tony Bishop, who lives in rural Caney, Kansas, reported to the Montgomery County sheriff in February 2005 that his mailbox had been blown up. His only neighbor was Mr. Meacham, who lived with his wife and children across the road. A few months before, Mr. Bishop and Mr. Meacham had been involved in a fist fight.

After determining that an explosive device had been used to destroy the mailbox, and based on information from an informant, the authorities obtained a warrant to search Mr. Meacham's residence and shop. The search revealed four homemade explosive devices and evidence that the devices had been manufactured in Mr. Meacham's shop. None were registered to Mr. Meacham in the National Firearms Registration and Transfer Record. The search also uncovered seven firearms that were registered to Mr. Meacham.

Mr. Meacham was charged with the five counts noted above and proceeded to trial. The government's primary witness was Mr. Meacham's son, Gary

DeWayne Meacham, Jr. ("DeWayne"). Sixteen years old at the time of the offenses, he had been charged as a juvenile and placed on probation. DeWayne testified that he and Jerry Simpson, whom Mr. Meacham had allowed to live on the property, assisted Mr. Meacham in blowing up Mr. Bishop's mailbox. He explained that his father was drunk, that he showed DeWayne some explosive devices, and that he told DeWayne and Mr. Simpson to set off the bombs on Mr. Bishop's property. DeWayne said that his father wanted to get back at Mr. Bishop for the fist fight.

DeWayne testified that Mr. Simpson put the first bomb in the mailbox, but it did not explode. DeWayne then put a second bomb into the mailbox, and again, it failed to explode. DeWayne put a third bomb into the mailbox, and it exploded and destroyed the mailbox. Mr. Meacham did not testify at trial. The jury convicted him of all five charges.

During the presentence investigation, Mr. Meacham's trial counsel, Steven Gradert, filed a motion to withdraw based on the breakdown in his relationship with Mr. Meacham. The district court held a hearing and granted the motion. Mr. Meacham's new counsel, David Moses, then entered his appearance.

Through Mr. Moses, Mr. Meacham moved for a new trial under Rule 33, claiming that Mr. Gradert had rendered ineffective assistance at trial. The motion stated: "During the trial, Defendant wished to testify in his own behalf," but Mr. Gradert "refused to permit Defendant to testify on his own behalf." The motion

also described what Mr. Meacham's testimony would have been. In short, he would have denied any involvement in the crimes and would have suggested that the explosives found in his home belonged to Mr. Simpson.

Without holding a hearing, the district court denied the motion. In doing so, the district court noted that "this is merely an assertion by counsel in a brief; it is not supported by any affidavit or other testimony under oath from the defendant." *United States v. Meacham*, 2008 WL 516534, at *3 (D. Kan. Feb. 22, 2008).

The district court went on to state:

Defendant's motion does not claim that he did not understand [his right to testify], nor does it address whether Mr. Gradert told him he had such a right. The motion further fails to specify what actions or words Mr. Gradert took or uttered, except to state in conclusory fashion that he "refused to let" the defendant testify. Nowhere does defendant's brief specify in what respect Mr. Gradert's conduct went beyond the realm of a recommendation not to testify into a genuine usurpation of the right to testify. Absent such a basis, the defendant is not entitled to a new trial, nor is he entitled to an evidentiary foray that will further delay his sentencing.

*Id.*

Mr. Meacham proceeded to sentencing, where he received a 120-month term of imprisonment. He now appeals, asking this court to remand with instructions to the district court to hold an evidentiary hearing on his motion for a new trial. He also contends that he is entitled to be resentenced because the district court incorrectly calculated the applicable range under the United States

Sentencing Guidelines ("U.S.S.G." or "Guidelines").

## II. DISCUSSION

A.     <u>Denial of Motion for New Trial Without Holding an Evidentiary Hearing</u>

Citing *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995) (en banc), the government argues that Mr. Meacham may only claim ineffectiveness of counsel in collateral proceedings, not on direct appeal. In *Galloway*, however, we did not consider the precise question facing us today. Rather, that case simply held that a defendant is not required to bring an ineffectiveness claim on direct appeal. *Id.* at 1241. We reasoned that we could not resolve such a claim without the district court first having developed a factual record and an opinion on the subject, and that in most instances, these prerequisites are not fulfilled until the defendant initiates collateral proceedings. *Id.* at 1240–41. But we recognized that in rare cases the record is fully developed below. In those instances, the defendant may bring an ineffectiveness claim either on direct appeal or in collateral proceedings. *Id.* at 1242.

Thus, *Galloway* does not speak to the issue before us: whether the district court should have held an evidentiary hearing before denying Mr. Meacham's motion for a new trial based on his counsel's alleged ineffectiveness. That question is governed by our decision in *United States v. Sands*, 968 F.2d 1058 (10th Cir. 1992). There, as in the instant case, the defendant filed a motion for a new trial based on ineffective assistance of counsel. The district court denied the

-5-

motion without conducting a hearing.  *Id.* at 1061.  On appeal, we recognized that

ineffectiveness claims are generally not resolved on direct appeal, but we also

observed that a defendant has the "right to seek a new trial as part of the original

criminal proceedings (rather than by way of collateral attack) on the grounds of

ineffectiveness of counsel."  *Id.* at 1066.  We stated, however, that in those

circumstances, a hearing on a motion for a new trial is required only when the

defendant's ineffectiveness claim is "colorable."  *Id.*

Turning back to the case before us, we conclude that Mr. Meacham has not

presented a colorable claim of ineffective assistance; accordingly, the district

court did not abuse its discretion in denying a hearing.  *See Sands*, 968 F.3d at

1066.  In the motion, Mr. Moses contended that Mr. Gradert "refused to let" Mr.

Meacham testify at trial.  *See Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir.

2004) (obstructing defendant's efforts to testify on his own behalf satisfies the

first prong of the *Strickland* standard).  We point out, as did the district court, that

this is simply an assertion by counsel in a brief; it is not supported by any

affidavit or other testimony under oath from Mr. Meacham.  *See Meacham*, 2008

WL 516534, at *3.[1]

In addition, the motion does not describe in sufficient detail the

---

[1]Mr. Meacham also stated that his attorney failed to call two witnesses who possessed exculpatory information.  Mr. Meacham has explicitly abandoned this argument on appeal and limits his ineffectiveness claim only to Mr. Gradert's alleged interference with his right to testify.

circumstances of Mr. Gradert's behavior. We do not know what words Mr. Gradert uttered in any conversation with Mr. Meacham or what additional steps counsel took to prevent Mr. Meacham from taking the stand. Relatedly, the motion does not claim that Mr. Meacham was unaware of his constitutional right to testify at trial. Without such a claim, and without additional explanation, it is difficult to perceive how Mr. Gradert actually prevented Mr. Meacham from testifying. Of course, only an evidentiary hearing would reveal all of the relevant facts. To be entitled to such a hearing, however, a defendant must assert more than the bare conclusion that counsel "refused to let" the defendant testify. *Cf. Cannon*, 383 F.3d at 1171 (setting forth a detailed claim in a habeas petition that counsel prevented the petitioner from testifying at trial; petitioner alleged, among other things, that petitioner had begun to take the stand when "trial counsel quickly sprang out of the chair and said that the defense rests in order to cut the petitioner off"). Accordingly, we conclude that Mr. Meacham's ineffectiveness claim is not colorable and that the district court did not abuse its discretion in denying the motion for a new trial without first holding an evidentiary hearing.[2]

B.    Sentencing

The district court grouped the five counts of conviction pursuant to

---

[2]We note that Mr. Gradert's motion to withdraw, which was provided to Mr. Meacham at the time, explains that Mr. Meacham "is currently unhappy with counsel regarding the strategy counsel chose to defend the case at trial, including . . . the *advice* to [Mr. Meacham] that he should not testify at the trial." (Emphasis added). The district court held a hearing on that motion.

U.S.S.G. § 3D1.2(c) and (d), and calculated the base offense level under § 2K2.1. *See United States v. Meacham*, 2008 WL 789833, at \*1 (D. Kan. Mar. 19, 2008). Because the destructive devices met the definition set forth in 26 U.S.C. § 5845(a), and because the district court determined that Mr. Meacham was a "prohibited person," *Meacham*, 2008 WL 789833, at \*2, the base offense level was 20. *See* U.S.S.G. § 2K2.1(a)(4)(B) (setting the offense level at 20 if the offense involved a "firearm" listed in 26 U.S.C. § 5845(a) and the defendant was a "prohibited person" at the time of the offense).

The district court then applied the specific offense enhancement under § 2K2.1(b)(1) based on the number of firearms involved in the offenses. *Meacham*, 2008 WL 789833, at \*1. The court counted the four destructive devices Mr. Meacham was convicted of possessing, the one used to blow up Mr. Bishop's mailbox, and the seven firearms found in Mr. Meacham's home. *See id.* Thus, the court reasoned that the offense involved between eight and twenty-four firearms and added four levels under § 2K2.1(b)(1)(B). *Id.*

The court added eight additional levels for reasons not relevant to this appeal,[3] for a total offense level of 32. With a criminal history category of II, the

---

[3]Specifically, because the offense involved a destructive device other than a device referred to in § 2K2.1(b)(3)(A), the court added two levels under § 2K2.1(b)(3)(B). It added four levels because Mr. Meacham possessed the destructive devices in connection with another felony offense, arson. *See* U.S.S.G. § 2K2.1(b)(6). Finally, it added two levels because Mr. Meacham used a person under eighteen years of age to commit the arson offense. *See* U.S.S.G.

advisory Guidelines range was 135–168 months' imprisonment. The court imposed a below-Guidelines sentence of 120 months because no one was injured by the explosion and Mr. Meacham had limited prior criminal conduct. *Id.* at *3.

On appeal, Mr. Meacham argues, and the government concedes, that he is not a "prohibited person" under § 2K2.1(a)(4)(B). Thus, his base offense level should have been 18 rather than 20. *See* U.S.S.G. § 2K2.1(a)(5). A "prohibited person" includes a person who has a prior conviction for a misdemeanor crime of violence. *See id.* cmt. n.3; 18 U.S.C. § 922(g)(9). A misdemeanor crime of violence is an offense that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon . . . ." 18 U.S.C. § 921(a)(33)(A)(ii). The district court determined that Mr. Meacham's prior conviction for domestic battery met the crime-of-violence standard and therefore rendered him a prohibited person. *Meacham*, 2008 WL 789833, at *2.

The statute under which Mr. Meacham was convicted defines domestic battery as:

> (1) Intentionally or recklessly causing bodily harm by a family or household member against a family or household member; or
>
> (2) *intentionally causing physical contact with a family or household member by a family or household member when done in a rude, insulting or angry manner.*

Kan. Stat. Ann. § 21-3412a(a) (emphasis added). As the government concedes,

---

[3](...continued)
§ 3B1.4.

based on our recent interpretation of a nearly identical Wyoming statute in *United States v. Hays*, 526 F.3d 678 (10th Cir. 2008), the second subsection of the statute does not contain an element of force.[4]  Moreover, the government concedes that the charging documents do not clarify which subsection of the statute Mr. Meacham violated.  Therefore, Mr. Meacham is not a "prohibited person" under § 2K2.1(a)(4)(B), and his base offense level should have been 18 rather than 20.

Mr. Meacham's prohibited person status also affected the specific offense enhancement under § 2K2.1(b).  Under that section, a specified number of levels are added based on the number of firearms involved in the offense.  The commentary clarifies that the defendant's possession of the firearms must be unlawful.  U.S.S.G. § 2K2.1 cmt. n.5.  The district court reasoned that, as a prohibited person, Mr. Meacham could not lawfully possess the firearms found in his home.  *Meacham*, 2008 WL 789833, at *2.  *See also* 18 U.S.C. § 922(g)(9) (person who has been convicted of a misdemeanor crime of domestic violence cannot possess firearms or ammunition).  Thus, the court counted the seven firearms, in addition to the five destructive devices,[5] in determining that the

---

[4]The Wyoming statute at issue in *Hays* states that "[a] person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another."  *Hays*, 526 F.3d at 678 (quoting Wyo. Stat. Ann. § 6-2-501(b)).

[5]Mr. Meacham's possession of the destructive devices was unlawful because they were not registered.

offense involved between eight and twenty-four firearms.[6]

Because Mr. Meacham is not a "prohibited person," counting the firearms was improper. Again, the government concedes this point and agrees that the offense only involved the five destructive devices. Accordingly, Mr. Meacham should have received a two-level, rather than a four-level, specific offense enhancement. *See* U.S.S.G. § 2K2.1(b)(1)(A).

The correct total offense level should have been 28, not 32. Thus, the correct advisory Guidelines range was 87–108 months, not 135–168 months. *See* U.S.S.G. Manual ch. 5, pt. A (2008). The district court sentenced Mr. Meacham to 120 months, a term below the range the court thought was correct but above the proper range. In such a case, we generally remand for resentencing. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) ("A non-harmless error in [the Guidelines] calculation entitles the defendant to a remand for resentencing."). Mr. Meacham, however, did not make these arguments to the district court, and therefore we will remand for resentencing only if there is plain error.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403

---

[6]The district court determined that Mr. Meacham's possession of the firearms, though not a part of the actual offenses of conviction, could nonetheless be considered as relevant conduct under U.S.S.G. § 1B1.3. *Meacham*, 2008 WL 789833, at *1.

F.3d 727, 732 (10th Cir. 2005) (quotations omitted).  The government concedes, and we agree, that Mr. Meacham has satisfied the first two prongs of plain-error review.  *See id.* (errors are "plain" if they are "clear or obvious at the time of the appeal.").  We further conclude, despite the government's objection, that the third and fourth prongs are also met.

"For an error to have affected substantial rights, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir. 2007) (quotations omitted).  To meet the fourth prong, the defendant must "demonstrate[] a strong possibility of receiving a significantly lower sentence . . . ." *United States v. Andrews*, 447 F.3d 806, 813 (10th Cir. 2006).  The district court believed that the Guidelines range was 135–168 months, but the court varied downward to 120 months.  The correct range, as noted, is only 87–108 months.  The sentence imposed is thus twelve months higher than the top of the proper Guidelines range.  In such circumstances, we will exercise our discretion to correct the sentencing errors.  We have explained:

> A review of federal appellate decisions considering whether to correct unobjected-to sentencing errors reveals that the key concern has been whether correct application of the sentencing laws would likely significantly reduce the length of the sentence.  When circuit courts have concluded that it would, they have not hesitated to exercise their discretion to correct the error.  *See, e.g., United States v. Syme*, 276 F.3d 131, 157–58 (3d Cir. 2002) (when the erroneously applied offense level was 21 (37–46 months) and the correct level was 19 (30–37 months), concluding that the error "seriously affects

the fairness, integrity, or public reputation of judicial proceedings")
. . .; *United States v. Portillo-Mendoza*, 273 F.3d 1224, 1228 (9th
Cir. 2001) (in exercising its discretion under *Olano*, stating that
"fairness is undermined where a court's error impose[s] a *longer
sentence* than might have been imposed had the court not plainly
erred") (emphasis added) (internal quotation marks omitted); *United
States v. Williamson*, 183 F.3d 458, 464 (5th Cir. 1999) ("Leaving
[the defendant] incarcerated for 30 years when he should have been
sentenced to no more than 15 under existing precedent . . . seriously
would affect the fairness, integrity and public reputation of judicial
proceedings by undermining the rule of law."); *United States v. Ford*,
88 F.3d 1350, 1356 (4th Cir. 1996) ("If we do not correct this error,
[the defendant] will serve a term of imprisonment three years *longer*
than required by the sentencing guidelines.") (emphasis added).

*United States v. Brown*, 316 F.3d 1151, 1161 (10th Cir. 2003).  Put another way, a

sentence based on an incorrect Guidelines range requires us to remand unless the

error "did not affect the district court's selection of a particular sentence."

*United States v. Avila*, 557 F.3d 809, 822 (7th Cir. 2009).  *See also United States

v. Price*, 516 F.3d 285, 289–90 (5th Cir. 2008) (miscalculation of Guidelines

range affects substantial rights when the defendant demonstrates a reasonable

probability that, if not for the district court's miscalculation, he would have

received a lower sentence; the same showing also satisfies the defendant's burden

under the fourth prong of plain error review).  In this case, the sentence imposed

is twelve to thirty-three months longer than the correctly calculated Guidelines

range, and the district court did not indicate that the § 3553(a) factors justified a

higher-than Guidelines sentence—indeed, the court specifically stated that Mr.

Meacham should receive a below-Guidelines sentence.  We therefore conclude

-13-

that the miscalculation affected the sentence imposed, and that Mr. Meacham should be resentenced.

## III.  CONCLUSION

We AFFIRM the district court's denial of a new trial without first holding an evidentiary hearing, but we REMAND for resentencing.  Appellant's motion to take judicial notice is GRANTED.