**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY B. OWENS,

Defendant-Appellant.

No. 09-6270
(D.C. No. 5:08-CR-00049-D-2)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, HOLLOWAY,** and **ANDERSON**, Circuit Judges.

---

In this direct criminal appeal, Jerry B. Owens is challenging the revocation

of his supervised release and the twelve-month and one-day prison sentence

imposed by the district court as punishment for the supervised release violation.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we

affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Mr. Owens's counsel initially filed a brief and a related motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), claiming that this appeal is frivolous. After independently reviewing the record and pertinent law, however, we determined that Mr. Owens's counsel had overlooked a non-frivolous issue pertaining to the sentence that Mr. Owens received. Specifically, because it appeared the government had failed to put forth evidence at the revocation hearing showing that Mr. Owens committed a "felony" driving under the influence (DUI) offense under Oklahoma law on October 4, 2009 (i.e., he drove a motor vehicle while under the influence of alcohol and he had a prior DUI conviction, and was therefore subject to a minimum sentence of one year and a maximum sentence of five years), *see* Okla. Stat. tit. 47, § 11-902(C)(2), it appeared there was insufficient evidence to support the district court's finding that Mr. Owens committed a Grade B supervised release violation under the applicable policy statement in Chapter 7 of the United States Sentencing Guidelines (i.e., conduct constituting a state-law offense that is punishable by a term of imprisonment exceeding one year), *see* U.S. Sentencing Guidelines Manual § 7B1.1(a)(2) (policy statement) (Nov. 1, 2009). Instead, because the evidence showed only that Mr. Owens committed a "misdemeanor" DUI offense under Oklahoma law (i.e., a first-offense DUI with a maximum sentence of one year), *see* Okla. Stat. tit. 47, § 11-902(C)(1), it appeared the district court should

-2-

have found that he committed a lesser Grade C violation under the applicable policy statement (i.e., conduct constituting a state-law offense that is punishable by a term of imprisonment of one year or less), *see* § 7B1.1(a)(3).

Given the apparent lack of evidence to support the district court's finding of a Grade B violation and the significantly different sentencing ranges under the applicable policy statement for Grade B and Grade C violations for an individual such as Mr. Owens who has a Criminal History Category of VI, *see* § 7B1.4(a), we concluded that it was arguable (and therefore not frivolous) to assert that there was a reasonable probability that Mr. Owens would have received a shorter sentence if the district court had found that he committed a Grade C violation instead of a Grade B violation. We therefore denied Mr. Owens's counsel's motion to withdraw and ordered the parties to file supplemental briefs addressing the following issues:

> 1. Whether the district court made clearly erroneous factual findings that were not supported by sufficient evidence that:
> (a) [Mr. Owens] was convicted of a prior DUI offense; and
> (b) [Mr. Owens] thereby committed a "felony" DUI offense in violation of Okla. Stat. tit. 47, § 11-902(C)(2), on October 4, 2009, while on supervised release?
>
> 2. Assuming the government put forth insufficient evidence to show that [Mr. Owens] committed a "felony" DUI offense on October 4, 2009, but that it put forth sufficient evidence to establish that he committed a "misdemeanor" DUI offense in violation of Okla. Stat. tit. 47, § 11-902(C)(1), whether the district court erred by failing to find that Mr. Owens committed a Grade C violation instead of a Grade B violation and by failing to apply the correct sentencing

-3-

range under the applicable sentencing guidelines, *see* §§ 7B1.1(a) and 7B1.4(a)?

3. Whether any such error is subject to a harmless and/or a plain error standard of review and thereby provides no grounds for relief in this direct criminal appeal?

Order filed on July 26, 2010, at 3.

Following up on an issue raised by Mr. Owens in the pro se brief that he filed in response to his counsel's *Anders* brief, we also directed the parties to address the question of whether Mr. Owens's due process rights were violated because, at the time of the revocation hearing, "he ha[d] not been convicted of a DUI offense under Oklahoma law pertaining to the incident that occurred on October 4, 2009[.]" *Id.* at 4. Both sides have now submitted their supplemental briefs, and this appeal is ripe for a decision.

## II.

### A. Sentencing Challenge.

Having reviewed the parties' supplemental briefs, we have determined, and the government does not dispute, *see* Aplee. Supp. Br. at 3-5, that the district court clearly erred in: (1) finding that Mr. Owens committed a felony DUI under Oklahoma law on October 4, 2009; and (2) classifying Mr. Owens's supervised release violation as a Grade B violation, instead of a Grade C violation. As a result, we have further determined that the district court committed a procedural sentencing error because it considered the wrong advisory sentencing range under

-4-

the policy statements in Chapter 7 of the Sentencing Guidelines when it sentenced Mr. Owens. *See United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006) (noting that Post-*Booker*,[1] we continue to review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error, and that *Booker's* requirement that district courts consult the Guidelines requires a district court to correctly calculate the sentencing range prescribed by the Guidelines); *accord United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214-15 (10th Cir. 2008) (discussing standards for reviewing a sentence for procedural reasonableness); *see also United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004) (noting that while the policy statements in Chapter 7 of the Sentencing Guidelines are advisory rather than binding, district courts must still consider them before imposing a sentence for a violation of supervised release); 18 U.S.C. § 3553(a)(4)(B) ("[I]n determining the particular sentence to be imposed [for a violation of supervised release], [the district court shall consider] the applicable . . . policy statements issued by the Sentencing Commission[.]").

Specifically, the district court erroneously considered the advisory sentencing range for a Grade B violation (21 to 24 months for an individual such as Mr. Owens with a Criminal History Category of VI),[2] instead of the advisory

---

[1]    *See United States v. Booker*, 543 U.S. 220 (2005).

[2]    Under the applicable policy statement, the actual sentencing range for a Grade B violation of supervised release is 21 to 27 months. *See* § 7B1.4(a). The

(continued...)

sentencing range for a Grade C violation (8 to 14 months for an individual with a Criminal History Category of VI). *See* § 7B1.4(a); *see also* R., Vol. 3 at 35-36, 40-41. But Mr. Owens's counsel failed to object to this procedural sentencing error during the revocation hearing. *Id.* at 39, 40-41. As a result, Mr. Owens is not entitled to any sentencing relief unless he can satisfy the demanding standards of plain error review.[3] *See United States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010); *accord United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir.), *cert. denied*, 130 S. Ct. 395 (2009) ("When a party fails to object contemporaneously to the district court's sentencing procedure, we review procedural reasonableness challenges for plain error."); *United States v. Robertson*, 568 F.3d 1203, 1210 (10th Cir.) *cert. denied*, 130 S. Ct. 814 (2009) ("We have consistently held that plain error review obtains when counsel fails to render a contemporaneous objection to a procedural sentencing error.") (quotations omitted). Of course,

---

[2](...continued)
district court reduced this range to 21 to 24 months, however, because: (1) the underlying criminal statute under which Mr. Owens was convicted, *see* 18 U.S.C. § 371 (conspiracy to commit an offense against the United States), carries a statutory maximum of five-years' imprisonment and is therefore classified as a Class D Felony, *see* 18 U.S.C. § 3559(a)(4); and (2) for a Class D Felony, the maximum term of imprisonment upon revocation of supervised release is two years, *see* 18 U.S.C. § 3583(e)(3); *see also* R., Vol. 3 at 40-41.

[3]     As set forth in government's supplemental brief, we note that this case also presents a close question of invited error. *See* Aplee. Supp. Br. at 6-8. We do not need to decide whether Mr. Owens's counsel invited the sentencing error at issue here, however, since we find no reversible error under the more-forgiving plain error standard of review.

Mr. Owens's quest for sentencing relief is also hindered by the fact that he received a sentence (twelve months and one day) that is squarely within the correct advisory sentencing range. *See* R., Vol. 3 at 43.

Before proceeding to the question of whether the district court plainly erred in sentencing Mr. Owens, we note that the district court explained its reasoning for imposing a sentence that was well below the – incorrect – advisory sentencing range of 21 to 24 months as follows:

> The Court, as previously stated, finds that the defendant has violated the conditions of supervised release as alleged in the Petition for Offenders Under Supervision filed on October 28th, 2009.
>
> The Court has considered the factors in 18, United States Code, Section 3553, and the applicable policy statements in Chapter VII of the Sentencing Guidelines.
>
> It is the order of the Court that the offender is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of twelve months and one day.
>
> Upon release from imprisonment the defendant shall be on supervised release for a term of 18 months.
>
> . . . .
>
> Mr. Owens, my inclination was to simply imprison you for the maximum amount of time possible and not order any follow-on period of supervised release. I hope it's not going to prove imprudent, but in light of what your wife said today, in light of what you've said, I have decided to punish you substantially less than that, to sentence you to the twelve months and one day, which will allow you to earn good-time credit if your conduct while incarcerated merits it, and to follow on with a term of supervised release.

The reason I'm doing this is because, basically, I'm taking what you're telling me as true, and I'm accepting that you are trying to turn that corner in your life, you're trying to rehabilitate yourself, you're going to school, you're starting to do some of the things that I hope you do and you need to do to rehabilitate yourself.

Time will tell whether this sentence is proven to be the correct one or whether you are not deserving of any consideration or leniency from the Court, because when you are release[d] you will be back under supervision for another 18 months. If there are any other violations you'll come back before this Court, and it is very unlikely that the Court would again be lenient with you if you've proven me wrong today.

. . . .

. . . Now, I want you to know that I am not giving up on you, and this sentence today reflects that. I think that you can do this. I think that you can conform your conduct to the boundaries of the law, and that you can be the kind of husband, the kind of father that you ought to be and that I think you want to be and you are trying to be. It's my sincere hope that you can do that.

You've said to me today that you haven't been out there committing any crimes. Well, that's not true. On the fourth of October you were driving a vehicle under the influence, and by doing so you're risking the lives of every other motorist on the roadway at that time. That is a crime, and it's not a type of offense that is inconsequential. You need to understand that the test for you when you're released isn't that you're not counterfeiting anymore, or you're not selling drugs, or you're not doing drugs; it's that are you are committing no crime, period. Nothing. That's the test for you. That's what you have to wrap your mind around when you get released from confinement, because during your period of supervision anything less is going to be unacceptable.

R., Vol. 3 at 43-45.

"The plain error test requires [Mr. Owens] to demonstrate the district court

(1) committed error, (2) that is plain, and (3) affects substantial rights." *United*

-8-

*States v. Contreras-Martinez*, 409 F.3d 1236, 1239 (10th Cir. 2005). "If all three conditions are met, we may then exercise our discretion to notice the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ferrel*, 603 F.3d at 763 (quotation omitted). The government has conceded, and we agree, that Mr. Owens has satisfied the first two prongs of plain error review. *See* Aplt. Supp. Br. at 9. We conclude, however, that he cannot satisfy the third and fourth prongs.

"Satisfying the third prong of plain-error review–that the error affects substantial rights–usually means that the error must have affected the outcome of the district court proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (quotation omitted). Thus, a "defendant appealing [his] sentence who failed to timely object to the alleged [sentencing] error bears the burden of proving prejudice under plain error analysis." *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003). "To meet this burden, the appellant must show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *Gonzalez-Huerta*, 403 F.3d at 733 (quotation omitted).

Under the fourth prong of plain error review, "we will not notice a non-constitutional error, such as the one in the case before us, unless it is both particularly egregious and our failure to notice the error would result in a miscarriage of justice." *Id.* at 736 (quotations omitted). As a result, a "sentencing

error meets the fourth prong of plain-error review only in those rare cases in which core notions of justice are offended." *Id.* at 739. This is not an insurmountable barrier to relief, however, as we have recognized that a defendant can satisfy the fourth prong of plain error review in a case involving a sentencing error by demonstrating "a strong possibility of receiving a significantly lower sentence." *United States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009) (quotation omitted); *see also Brown*, 316 F.3d at 1161 (noting that, in reviewing a sentence for plain error, "the key concern [is] whether correct application of the sentencing laws would likely significantly reduce the length of the sentence.") "Put another way, a sentence based on an incorrect Guidelines range requires us to remand unless the error did not affect the district court's selection of a particular sentence." *Meacham,* 567 F.3d at 1191 (quotation omitted).

In *Meacham*, we determined that Mr. Meacham had demonstrated plain error and should be resentenced given the following circumstances:

> The correct total offense level should have been 28, not 32. Thus, the correct advisory Guidelines range was 87-108 months, not 135-168 months. The district court sentenced Mr. Meacham to 120 months, a term below the range the court thought was correct but above the proper range. . . .
>
> . . . .
>
> . . . The district court believed that the Guidelines range was 135-168 months, but the court varied downward to 120 months. The correct range, as noted, is only 87-108 months. The sentence imposed is thus twelve months higher than the top of the proper Guidelines range. In such circumstances, we will exercise our discretion [under

-10-

plain error review] to correct the sentencing errors [by ordering a remand for resentencing].

*Id.* at 1190-91 (citation omitted).

In contrast to *Meacham*, this case does not present a compelling need for resentencing. To begin with, while this case is like *Meacham* in that the district court varied downward in a significant way from the incorrect advisory sentencing range, the cases are otherwise dissimilar in that the district court here imposed a sentence that was squarely within the correct advisory sentencing range. Consequently, we would be hard pressed to conclude that Mr. Owens suffered prejudice or that a miscarriage of justice has occurred. Further, we do not believe that the sentencing error here "affect[ed] the district court's selection of [the] particular sentence." *Id.* at 1191 (quotation omitted). Instead, we agree with the government that the district court specifically "chose a more lenient sentence of 12 months and 1 day . . . because that sentence would punish [Mr. Owens] for a serious offense, enable him to receive good time credits, and allow him to prove his commitment . . . toward recovery upon release." Aplee. Supp. Br. at 12; *see also* 18 U.S.C. § 3624(b)(1) (providing that a defendant imprisoned for "more than 1 year" can earn up to fifty-four days of good time credit for each year served). Finally, as the government has further explained, "this is not a case where the record indicates that the district court wanted to impose an even lower sentence

but felt constrained by the [incorrect] range suggested by the Chapter 7 policy statements." Aplee. Supp. Br. at 12.

In sum, given the district court's detailed explanation for why it chose the particular sentence it imposed, we conclude that Mr. Owens has failed to show either: (a) "a reasonable probability that, but for the error claimed, the result of the [sentencing] proceeding would have been different," *Gonzalez-Huerta*, 403 F.3d at 733 (quotation omitted); or (b) "a strong possibility of receiving a significantly lower sentence," *Meacham*, 567 F.3d at 1190 (quotation omitted). Accordingly, his sentence must be affirmed.[4]

### B.  Due Process Claim.

One of the terms of Mr. Owens's supervised release was that he not "commit another federal, state or local crime." R., Vol. 1 at 11. As we understand Mr. Owens's due process claim, he is not asserting that it was unconstitutional for

---

[4]     Two additional points are worth noting. First, the term of the additional period of supervised release that the district court imposed for Mr. Owens's supervised release violation was not dependent on the "Grade" of the violation. Instead, the district court was authorized to impose a term of supervised release that would not exceed the term of supervised release authorized for the initial underlying offense, less any term of imprisonment imposed for the supervised release violation, *see* 18 U.S.C. § 3583(h) and § 7B1.3(g)(2). Second, while the district court had the discretion to not impose a term of imprisonment as punishment for a Grade C violation, *see* § 7B1.3(a)(2) *and compare with* § 7B1.3(a)(1), given the serious nature of Mr. Owens's DUI offense and the district court's comments at the revocation hearing, we conclude that Mr. Owens cannot show a reasonable probability that the district court would not have imposed a term of imprisonment if it had correctly found a Grade C violation.

-12-

the district court to revoke his supervised release because he committed a crime under Oklahoma law. Rather, Mr. Owens is arguing that his supervised release cannot be revoked based on the fact that he committed a state crime until he is actually convicted of committing the crime by an Oklahoma state court. We disagree.

According to the federal supervised release statute, "[A district court may] revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3). This court has held that revocation proceedings under § 3583(e)(3) do not violate a criminal defendant's Sixth Amendment rights to a jury trial or to be found guilty beyond a reasonable doubt. *See United States v. Cordova*, 461 F.3d 1184, 1185, 1186-88 (10th Cir. 2006). A fortiori, because Mr. Owens is not asserting that it was unconstitutional for the district court to revoke his supervised release because he committed a crime under Oklahoma law, and because he has not articulated a due process right that is separate and distinct from these Sixth Amendment protections, we conclude that the district court was constitutionally authorized to revoke Mr. Owens's supervised release based on findings supported by a preponderance of the evidence submitted at the revocation hearing, regardless of the fact that Mr. Owens had not yet been convicted of

committing a DUI offense by an Oklahoma jury in a state criminal case that provided the full panoply of federal constitutional protections.[5]

## III.

The order entered by the district court on November 19, 2009, revoking Mr. Owens's term of supervised release is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[5] Having fully examined the district court record, we also conclude that the government presented sufficient evidence at the revocation hearing to show, by a preponderance of the evidence, that, on October 4, 2009, Mr. Owens committed the offense of driving a motor vehicle while under the influence of alcohol in violation of Okla. Stat. tit. 47, § 11-902(A)(2).