**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RANDY YAGI,

     Defendant-Appellant.

No. 13-4000
(D.Ct. No. 2:03-CR-00708-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant Randy Yagi appeals his fifteen-month sentence following

revocation of his supervised release. He asserts the district court erred in

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

imposing a variant sentence above the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range without providing a reason for imposing such a sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Yagi's fifteen-month term of imprisonment.

## I. Factual and Procedural Background

In 1992, Mr. Yagi was convicted of using a false name and social security number on five loan applications submitted to a financial institution, for which he received a six-month sentence and a thirty-six-month term of supervised release. In 2002, Mr. Yagi was convicted of securities fraud involving the solicitation of investments funds. In 2004, Mr. Yagi pled guilty to the instant offense of submitting a false loan application to a bank by using a false name in violation of 18 U.S.C. § 1014, which is a Class B felony, and received a below-Guidelines sentence of fifteen months incarceration and a term of sixty months supervised release contingent on certain general and special conditions of supervision. After his release from prison, Mr. Yagi violated the terms of his supervised release, which included violating the prohibition against his controlling the assets or funds of others. Following revocation of his supervised release, Mr. Yagi received a within-Guidelines sentence of eleven months followed by a forty-two-month term of supervised release.

After his release from incarceration, Mr. Yagi again violated the conditions

of his supervised release, admitting in the instant case that he committed six of the sixteen violations charged against him, including violation of the prohibition against his controlling the funds of others. These violations resulted in a recommended advisory Guidelines range of five to eleven months incarceration and a term of sixty months supervised release, less any term of imprisonment imposed.

At the revocation hearing, Mr. Yagi requested a sentence at the low end of the Guidelines range based on his assistance to the government and remorsefulness. In turn, the government recommended a within-Guidelines sentence of nine months followed by an additional period of supervised release. In arguing for such a sentence, the government stated it initially considered requesting an eighteen- to twenty-four-month sentence based on Mr. Yagi's prior history but that it "walked back from that primarily because [it] want[ed] to keep [him] on paper" and that it "would like to keep [him] on paper for as long as [possible] ... for protection of the community ...." The district court responded by stating the government's position "presumes that having [Mr. Yagi] on paper somehow or another deters his conduct, but there is no apparent proof of that. To the contrary, the evidence [is] overwhelming that nothing by way of supervision does any good." It then imposed an above-Guidelines sentence of fifteen months incarceration without supervised release. Mr. Yagi did not make a contemporaneous objection to the sentence.

## II. Discussion

On appeal, Mr. Yagi contends the district court committed plain error in imposing a sentence above the advisory Guidelines range because it failed to provide "even one reason" for the sentence, which he contends resulted in a procedurally unreasonable sentence. He also contends his sentence is substantively unreasonable because the error affected his "substantial rights" and undermines the fairness, integrity, and public reputation of judicial proceedings, leaving this court in the zone of appellate speculation with the inability to meaningfully review his sentence. The government opposes the appeal.

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, when a person violates the conditions of supervised release, the district court may modify the conditions of release or, as in this case, revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); 18 U.S.C. § 3583(e)(2) and (3); Fed. R. Crim. P. 32.1(b); U.S.S.G. § 7B1.3(a). In imposing a sentence following revocation of supervised release, the district court is required to consider both the Guidelines Chapter Seven policy statements as well as the factors provided in 18 U.S.C. § 3553(a).[1]

---

[1] The Chapter Seven policy statements include advisory guideline ranges for sentences following revocation of supervised release. *See generally* Ch. 7 and U.S.S.G. §§ 7B1.3, 7B1.4. With respect to the sentencing factors, they include, in part, not only the nature of the offense but the history and characteristics of the defendant, as well as the need for the sentence to provide adequate deterrence and protect the public. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir.

(continued...)

-4-

*See United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). "The court may, after considering the factors set forth in" § 3553(a)(1)-(7), "revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense ...." 18 U.S.C. § 3583(e)(3). In this case, the advisory Guidelines range for Mr. Yagi's sentence on revocation is five to eleven months imprisonment. *See* U.S.S.G. §§ 7B1.3(a)-(b), 7B1.4(a). However, § 3583 authorized the district court to impose a maximum sentence of up to three years in prison for his Class B felony conviction for loan fraud in violation of 18 U.S.C. § 1014. *See* 18 U.S.C. § 3583(e)(3).

Generally, we will not reverse a sentence following revocation of supervised release if the record establishes the sentence is "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). Our appellate review for reasonableness includes both a procedural component as well as a substantive component, which we review for an abuse of discretion. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013). We review the district court's factual findings for clear error and its legal conclusions de novo. *Id.* However, in instances, like here, where an objection to procedural reasonableness is not contemporaneously raised, we review for plain error.[2] *Id.* at

---

[1](...continued)
2006); 18 U.S.C. § 3553(a).

[2] Under our plain error review, Mr. Yagi must demonstrate: (1) there is an
(continued...)

1225-26.  Procedural reasonableness addresses, in part, whether the district court "failed to adequately explain the sentence," as alleged here.  *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).  "A challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence."  *United States v. Smart*, 518 F.3d 800, 804 (10th Cir. 2008).

In this case, the district court's explanation of the fifteen-month sentence imposed is extremely concise.  Nevertheless, it is clear the district court provided a reason for the variant sentence by explaining the government's recommendation for a within-Guidelines sentence would not sufficiently deter Mr. Yagi from future misconduct and that his record overwhelmingly showed supervised release did not do "any good."  In so doing, it clearly rejected the government's argument

---

[2](...continued)
error, (2) that is plain, (3) which affects his substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Ruby*, 706 F.3d at 1226.  To show the alleged error affected a substantial right, he must show the error was "prejudicial," so that the error "must have affected the outcome of the district court proceedings."  *United States v. Olano*, 507 U.S. 725, 734 (1993).  Stated another way, he must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 81-82 (2004) (internal quotation marks omitted).  As to the fourth prong, in order to show the error seriously affected the fairness, integrity, or public reputation of the judicial proceeding, Mr. Yagi must demonstrate that a failure to correct the alleged error would result in a "miscarriage of justice."  *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005).  One can establish such an error by demonstrating "a strong possibility of receiving a significantly lower sentence" absent the error.  *United States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009).

a within-Guidelines sentence would protect the public. Thus, while succinct, the district court did provide its reason for imposing the instant sentence of fifteen months incarceration with no supervised release, and therefore, Mr. Yagi's argument that it did not provide "even one reason" for such a sentence is inconsistent with the record on appeal.

In addition, "although a district court must provide reasoning sufficient to support the chosen variance, it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance." *Smart*, 518 F.3d at 807. Here, the district court imposed a statutorily-permissible sentencing variance, and its consideration of Mr. Yagi's prior violations of his supervised release, together with the issues of deterrence and protection of the public, are permissible sentencing factors for the district court's consideration. *See* 18 U.S.C. § 3553(a). Thus, its reason for such a sentence, while succinct, is still sufficient to allow a meaningful review of his sentence.

We also conclude the district court's variant fifteen-month sentence is not only reasoned but reasonable given: (1) Mr. Yagi's multiple past convictions for using a false name on loan applications and improperly soliciting investment funds from others; (2) his instant conviction for similarly submitting a false loan application to a bank by using a false name; and (3) his past history of violating the terms of his supervised release, including repeatedly violating the prohibition against controlling the funds of others. Given this history, it was not

unreasonable for the district court to conclude a within-Guidelines sentence and supervised release would not deter future violations of the conditions of his supervised release or protect the public.

As a result, we cannot say the district court committed an error, plain or otherwise, in ordering a variant sentence. The district court's explanation for a variant sentence following revocation, while concise, was sufficiently compelling to support the degree of the variance and has satisfied us it considered the parties' arguments and had a reasoned and reasonable basis for the variance. As a result, the district court did not impose a procedurally or substantively unreasonable sentence. However, even if we concluded an error occurred with respect to the district court's explanation of the variant sentence, Mr. Yagi has not shown such error affected the outcome of the proceedings or that there is a strong possibility he would have received a significantly lower sentence absent such an error. In other words, nothing in the record or evidence presented by Mr. Yagi persuades us he would have received a lesser sentence, even with a more thorough explanation.

III. Conclusion

Accordingly, we **AFFIRM** Mr. Yagi's fifteen-month sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-8-