**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 13-1405 |
| | (D.Ct. No. 1:11-CR-00516-MSK-1) |
| MONTGOMERY CHITTY, | (D. Colo.) |
| Defendant - Appellant. | |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.
_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Appellant Montgomery Chitty appeals his sentence on grounds the district court erred in applying the statutory, mandatory minimum sentence of twenty

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

years.  In support, he suggests the government acted with prosecutorial vindictiveness in filing an Information, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II) and 851, which advised him and the court of his prior conviction, resulting in his twenty-year sentence.  Exercising our jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.  Factual and Procedural Background

Mr. Chitty participated in a cocaine distribution conspiracy in which he bought or sold cocaine from 2002 to 2010.  Every three or four months, he met his supplier in Nevada where he purchased four to five kilograms of cocaine and then sold it to other cocaine dealers in Aspen, Colorado.  On October 29, 2010, the government filed an application for a wiretap, supported by an affidavit, to investigate Mr. Chitty and others; the affidavit stated, in part, that Mr. Chitty received a 1990 conviction for conspiracy to possess with intent to distribute marijuana, resulting in a forty-eight-month sentence.

On December 15, 2011, a federal grand jury indicted Mr. Chitty for conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II) and 846.  On March 19, 2012, Mr. Chitty pled not guilty, and the district court set his trial for May 21, 2012.  Later, the district court, on Mr. Chitty's motion, continued the trial until September 17, 2012.  On August 1, 2012, Mr. Chitty unsuccessfully sought to

suppress the wiretap evidence, attaching to his motion the affidavit in support of the wiretap which noted Mr. Chitty's 1990 drug trafficking conviction. On September 10, 2012, after multiple pre-trial filings and proceedings, the district court granted Mr. Chitty's motion for dismissal of his counsel and appointed new counsel for him. It also granted his motion for continuance, setting the trial for February 4, 2013. On January 10, 2013, during ongoing pre-trial preparations and proceedings, Mr. Chitty's counsel moved to withdraw as counsel and for Mr. Chitty to represent himself; on the same day, the government filed the contested Information, advising he was subject to an enhanced penalty, under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II), based on his 1990 drug conviction. As a result, the mandatory minimum sentence increased from ten to twenty years.

The district court granted counsel's motion to withdraw and for Mr. Chitty to proceed pro se; ordered the same counsel to serve as advisory and consultive counsel; and rescheduled the trial, previously set for February 4, 2013, for February 11, 2013. On Mr. Chitty's motion, it later continued the trial to February 25, 2013. During his trial, counsel served as advisory and standby counsel, and neither he nor Mr. Chitty objected to the increased statutory penalty. Following his trial, a jury convicted Mr. Chitty of conspiracy to distribute cocaine.

Prior to sentencing, Mr. Chitty filed a motion for appointment of counsel, after which the district court re-appointed Mr. Chitty's advisory counsel to

represent him at sentencing. Thereafter, the government filed a sentencing statement, indicating that although his advisory United States Sentencing Guidelines range was 210 to 262 months imprisonment, the minimum mandatory sentence under 21 U.S.C. § 841 was 240 months, thereby requiring a twenty-year sentence. Neither Mr. Chitty nor his counsel filed a formal objection to the enhanced statutory penalty or requested a variance or departure. At the sentencing hearing, Mr. Chitty's counsel stated no variance applied as the "[s]tatutory minimum is in place [and] I'm not aware of any basis to get below the statutory minimum." However, during his allocution, Mr. Chitty stated that filing the Information "just days before trial" for an enhancement of a twenty-year minimum "was no more than a mean-spirited retaliation to punish [him] for his decision to pursue his constitutional right of trial by jury . . . ."

In sentencing Mr. Chitty to the twenty-year mandatory minimum sentence and addressing his allegation of retaliation, the district court explained his sentence was not a result of the prosecution's conduct but statutorily required. In reply, Mr. Chitty's counsel stated "just to be clear, given the applicability of the statutory minimum in this circumstance, Mr. Chitty has done as well today as he could have done under [21 U.S.C. § 841]."

## II. Discussion

Mr. Chitty, through different counsel, now appeals his sentence, claiming the district court should have dismissed the Information filed by the government

informing him and the court of the statutory enhancement for his prior conviction. In making this argument, he requests resentencing without the statutory enhancement, contending the government's decision to file the Information constitutes vindictive prosecution because it knew of Mr. Chitty's 1990 conviction two years prior to the filing of the Information when it filed the wiretap affidavit but, instead, elected to wait to file it until the same day as his counsel's motion to withdraw and one month prior to his trial. As a result, he contends the decision to file the Information was nothing more than mean-spirited retaliation for going to trial and punishment for proceeding pro se. As alleged proof prosecutorial vindictiveness occurred, he cursorily points out three co-conspirators received sentences of four years or less. Finally, he contends that because he was acting pro se, the enhanced penalty should be waived because he was not informed of the consequences of failing to object or, alternatively, should be waived in the interests of justice.

As background, the statute regarding the filing of an Information for an increased sentence based on a prior conviction states, in pertinent part:

> No person who stands convicted of an offense ... shall be sentenced to increased punishment by reason of one or more prior convictions *unless before trial*, or before entry of a plea of guilty, *the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon*.

21 U.S.C. § 851(a)(1) (emphasis added). With regard to prosecutorial vindictiveness, one must prove either actual vindictiveness or a realistic

likelihood of vindictiveness which will give rise to a presumption of vindictiveness. *See United States v. Sarracino*, 340 F.3d 1148, 1177 (10th Cir. 2003). Mere appearance of vindictiveness may not be presumed. *Id.* at 1177-78. Absent evidence of actual vindictiveness, our inquiry is "whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *United States v. Raymer*, 941 F.2d 1031, 1042 (10th Cir. 1991) (internal quotation marks omitted). "There is no vindictiveness as long as the prosecutor's decision is based upon the normal factors ordinarily considered in determining what course to pursue, rather than upon genuine animus against the defendant for an improper reason or in retaliation for exercise of legal or constitutional rights." *Id.*

We review a district court's factual findings on prosecutorial vindictiveness for clear error and its legal conclusions de novo. *See Sarracino*, 340 F.3d at 1177. However, both parties agree Mr. Chitty did not raise this issue in the district court, so our review is for plain error. *See United States v. Buonocore*, 416 F.3d 1124, 1128-29 (10th Cir. 2005). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir.

2005) (en banc).[1]

In this case, the Information was filed prior to trial, as required by 21 U.S.C. § 851(a)(1), and nothing in the record suggests either direct or indirect prosecutorial vindictiveness. Instead, it is evident the Information filed by the government was part of the ordinary course of pre-trial proceedings, and there is no evidence of any likelihood its filing of the Information would not have occurred but for some form of punitive prosecutorial animus towards Mr. Chitty simply because he exercised his right to proceed to trial or indicated his desire to proceed pro se. The mere temporal sequence of events alone, in which the Information was filed on the same day as counsel's motion to withdraw, is insufficient to support a presumptive inference of prosecutorial vindictiveness, *see Raymer*, 941 F.2d at 1042, and is instead most likely coincidental. It is also apparent the government was fully aware of Mr. Chitty's desire to proceed to trial as early as March 19, 2012, when he pled not guilty, and during the course of the

---

[1] To show the alleged error affected a substantial right, Mr. Chitty must show the error was "prejudicial" so that the error "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Stated another way, he must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 81-82 (2004) (internal quotation marks omitted). As to the fourth prong, in order to show the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings, he must demonstrate that a failure to correct the alleged error would result in a "miscarriage of justice." *See Gonzalez-Huerta*, 403 F.3d at 736. One can establish such an error by demonstrating "a strong possibility of receiving a significantly lower sentence" absent the error. *United States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009).

pre-trial proceedings, until it filed the Information on January 10, 2013. As a consequence, it is difficult to believe it filed the Information as a result of punitive animus because Mr. Chitty exercised his right to proceed to trial a year earlier. Moreover, a defendant's determination to proceed to trial is expected to place certain burdens on a prosecutor, and "[i]t is unrealistic to assume that a prosecutor's probable response ... is to seek to penalize and to deter." *United States v. Goodwin*, 457 U.S. 368, 381 (1982).

Mr. Chitty also contends the government purposely waited to file the Information until he sought pro se status as punishment against him, and he implicitly suggests it was a means to gain some sort of advantage over him. Again, there is nothing in the record suggesting any retaliatory behavior simply because of his pro se status, and it is evident his counsel (who represented him during pre-trial preparations, in an advisory capacity at trial, and at sentencing) also would not have been able to overcome the statutorily-mandated sentence had Mr. Chitty continued to retain him and not proceed pro se. As his counsel stated at the sentencing hearing, "I'm not aware of any basis to get below the statutory minimum."

While Mr. Chitty asserts the timing of the filing of the Information establishes vindictiveness given the government's earlier knowledge of his previous conviction, he has not shown how he would have overcome the statutory enhancement had the government filed the Information sooner. While he also

complains the Information was filed shortly before his trial, he has also not shown how the forty-six days between the filing of the Information and his trial affected his overcoming the mandatory enhancement or how, even if he had more time between the filing of the Information and his trial, he could have somehow avoided the statutorily-mandated minimum sentence. Neither has he shown that if he had known, as a pro se litigant, to object and had objected, the mandatory minimum sentence would not apply. Thus, not only has he failed to establish an error which is plain in the government's timing in filing the Information, but even if an error somehow occurred, he has not shown a reasonable probability that, but for the error claimed, he would not have received the mandatory minimum sentence of twenty years or that a strong possibility exists he would have received a significantly lower sentence absent the error.

Mr. Chitty has also not shown the three other conspirators, who received sentences of four years or less, participated in equivalent conduct, including the same or similar drug quantities or supervisory roles, or that they had prior convictions which would make them subject to the same mandatory minimum sentence of twenty years for the purpose of demonstrating prosecutorial vindictiveness in his particular case. His cursory argument on this subject is less than persuasive. Finally, the government's knowledge of Mr. Chitty's prior conviction was also known to him and his counsel at least by August 1, 2012, or five months prior to the Information, when he attached the affidavit with

information on his previous drug trafficking conviction to one of his pleadings. Thus, he cannot complain that he and his counsel had no knowledge of that conviction, or were unaware of the government's knowledge of that conviction, for the purpose of negotiating a plea agreement or preparing for trial and sentencing.

## III.  Conclusion

Given these circumstances, Mr. Chitty has not shown the requisite prosecutorial vindictiveness sufficient to overcome his 240-month sentence. Accordingly, we **AFFIRM** Mr. Chitty's conviction.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge