**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY DEWAYNE MEACHAM,

    Defendant - Appellant.

No. 15-3200
(D.C. No. 07-CR-10053-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Defendant-Appellant Gary Meacham was convicted of several counts of possession of an unregistered destructive device and aiding and abetting arson. On appeal, we remanded for resentencing. United States v. Meacham, 567 F.3d 1184 (10th Cir. 2009). He was then sentenced to 76 months' imprisonment, and three years' supervised release. United States v. Meacham, 2009 WL 3053806 (D. Kan. Sept. 18, 2009); I R. 45. After his release from prison, Mr. Meacham began his supervised release term on October 26, 2012. On July 10, 2014, Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Meacham was arrested in connection with an altercation allegedly involving a firearm. Of course, Mr. Meacham was prohibited from possessing a firearm or ammunition as well as committing another offense. On April 2, 2015, Mr. Meacham was indicted federally as a prohibited person in possession of a firearm, but the indictment was later dismissed without prejudice. On August 25, 2015, the district court revoked Mr. Meacham's supervised release term and imposed a term of 12 months and a day, with no supervision to follow. But because Mr. Meacham received credit for time spent in custody awaiting revocation, he has completed all components of his sentence.

The parties are familiar with the additional underlying facts and we need not restate them here. The government argues that this appeal is moot because it is based upon Mr. Meacham's speculation of future prosecution for his underlying conduct. Aplee. Br. at 7. At oral argument, the government represented that it will not further prosecute Mr. Meacham in connection with the events that led to his arrest on July 10, 2014. Based upon that representation, Mr. Meacham now agrees that the case is moot. Without a live case or controversy throughout all stages of litigation, we lack subject matter jurisdiction. New Mexico ex rel. Richardson v. Bureau of Land Mgmt., 565 F.3d 683, 701 (10th Cir. 2009).

APPEAL DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge