**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

TERRI AUSTIN YOUNG,

　　　　Defendant-Appellant.

No. 11-7049
(D.C. No. 6:10-CR-00081-JHP-1)
(E. Dist. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **SEYMOUR** and **EBEL**, Circuit Judges.

Terri Austin Young pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The district court sentenced Mr. Young to seventy-eight months' imprisonment and a lifetime term of supervised release. On appeal, Mr. Young contends the length of his supervised release is substantively unreasonable. We disagree and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

"Reasonableness review is a two-step process comprising a procedural and a substantive component." *United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009) (internal quotation marks omitted). "Procedural reasonableness involves using the proper method to calculate the sentence." *Id.* (internal quotation marks omitted). "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible [18 U.S.C.] § 3553(a) factors in light of the 'totality of the circumstances.'" *Id.* at 1118 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Mr. Young challenges only the substantive reasonableness of his supervised release term.

Under the governing abuse of discretion standard, "a district court's sentence is substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Sayad*, 589 F.3d at 1116 (internal quotation marks omitted). As Mr. Young recognizes, this court has held that "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) (holding "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines").

The sentencing guidelines applicable here provide that the term of supervised release for a sex offense may be up to life, USSG § 5D1.2(b)(2), and further state that where "the instant offense of conviction is a sex offense, . . . the

*statutory maximum term of supervised release is recommended.*" USSG §

5D1.2(b), p.s. (emphasis added); *see also* 18 U.S.C. § 3583(k) (authorizing

supervised release of five years to life for sex offense). We therefore presume the

lifetime term of supervised release given to Mr. Young is reasonable. Mr. Young

has the burden to convince us to the contrary.

In sentencing Mr. Young, the district court explained its reasons for

applying the lengthy term of supervised release:

> [S]upervised release for life is not meant to be punishment, it's meant
> to be of help to you. That means the probation office will be
> available to you for counseling, and that could be, on their
> recommendation, shortened if there is – I'm not sure the
> ramifications. You will be the first person I put on supervised release
> for life. I look at supervised release as a time when you have access
> to trained probation officers and who will give you additional
> treatment, counseling, as long as need be. You're a young person. I
> don't want to limit it to five years for that reason . . . .
>
> Supervised release is not going to be anything but something that I
> anticipate will help you . . . . [O]ne of the reasons I'm inclined for the
> life supervised release is nobody is ever terminated from treatment
> with any assurance that it's worked. I mean, we're just not there yet.
> And when I mean worked or whether the treatment has been valid or
> not, there's just no way to validate. Hopefully, in your lifetime, there
> will be a validation and there will be – if healing is the correct word,
> there will be an opportunity for you to be healed of this problem.
> That's the hope. You are a young person. I know that the sentence
> perhaps seems harsh. It's not intended to be. And life supervised
> release is designed to assist you, hopefully, in your future as you live
> through this experience.

Rec., Vol. 2 at 55-56. In so doing, the court clearly communicated its recognition

of the difficulty of treating and curing this type of sex offender and its conclusion

that a lifetime term of supervised release would promote Mr. Young's rehabilitation.[1]

In an attempt to rebut the presumption of reasonableness, Mr. Young first contends the district court's explanation did not demonstrate how the sentence imposed would also "further the statutory goals of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence to criminal conduct, and protecting the public from further crimes." Aplt. Br. at 4. While Mr. Young's counsel was arguing at the sentencing hearing for a downward variance from the guideline term of imprisonment, however, he pointed out the following about supervised release:

> [W]e have these trained officers that will go out and make sure there's no computer, will go out and make sure there's no access to children, or go out and make sure there's no Internet connection. *That, Judge, serves the [statutory goals of] providing respect for the law and . . . protect[ing] the public.*

---

[1] The court also acknowledged that it has authority to shorten the term in the future on the recommendation of the probation office. *See id.* at 55 ("[T]he probation office will be available to you for counseling, and [supervised release for life] could be, on their recommendation, shortened . . . ."); *see also* 18 U.S.C. § 3583(e)(1) ("The court may, after considering the factors set forth in section 3553 . . . terminate a term of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.").

Rec., Vol. 2 at 26 (emphasis added).  In addition, after imposing the sentence, including the supervised release term and all of its conditions, the district court concluded by stating:

> This sentence is imposed pursuant to 18 U.S.C. Section 3553(a). . . . The sentence prescribed by this Court reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.  This sentence affords adequate deterrence to criminal conduct, protects the public from further crimes of this defendant, and provides correctional treatment for the defendant in the most effective manner.  The Court has further determined that this sentence is sufficient, but not greater than necessary, to meet the objectives set forth in 18 U.S.C. Section 3553(a).

*Id.* at 58-59.

Our review of the record convinces us that the district court considered the guidelines and the statutory bases for imposing supervised release, in light of the evidence, when it set the lifetime term.  The court "set forth enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. at 356; *see also id.* ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Mr. Young submitted *United States v. Inman*, 666 F.3d 1001 (6th Cir. 2012), as supplemental authority supporting his argument that his sentence to a life term of supervised release is unreasonable.  However, in contrast to the instant matter, the record did not demonstrate in *Inman* that the district court considered any of the pertinent § 3553(a) factors in sentencing the defendant.  Furthermore,

the court failed to explain its reasons for sentencing the defendant to a life term of supervised release over both parties' recommendation for a ten-year term. *Id.* at 1004. As discussed above, the district court here both explicitly considered the factors enumerated in § 3553(a) and explained why in its judgment a life term of supervised release was necessary.

While not dispositive, it is instructive that several of our sister circuits have upheld as substantively reasonable a lifetime of supervision for a defendant convicted of possessing child pornography. *See United States v. Daniels*, 541 F.3d 915, 923 (9th Cir. 2008) (upholding lifetime of supervision for possession of child pornography in part because the policy statement accompanying U.S.S.G. § 5D1.2(b)(2) "reflects the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public"); *United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007) (upholding life term of supervised release as reasonable sentence for conviction of possession of child pornography); *United States v. Presto*, 498 F.3d 415, 420 (6th Cir. 2007) (same); *see also United States v. Williams*, 636 F.3d 1229, 1234-35 (9th Cir. 2011) (same for defendant convicted of receipt of child pornography); *United States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007) (same for distribution of child pornography stating, "Congress insists that lifetime supervision be available to courts in sentencing sexual offenders . . . [because such] criminal conduct may reflect deep-seated aberrant sexual disorders that are not likely to disappear within

a few years of release from prison") (internal quotation marks omitted); *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006) (holding that for a defendant convicted of knowingly transporting child pornography in interstate commerce, "[t]he district court's imposition of lifetime supervised release was not unreasonable and, in fact, is expressly recommended under the Sentencing Guidelines."); *United States v. Moriarty*, 429 F.3d 1012, 1024-25 (11th Cir. 2005) (upholding lifetime supervision for defendant who was twenty-one years old at the time he committed several child pornography-related crimes and who had himself been sexually abused).

Mr. Young contends further that a lifetime term of supervised release is excessive in his case given that his sentence to seventy-eight months' imprisonment was at the bottom end of the guidelines. But "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration," *United States v. Johnson*, 529 U.S. 53, 59 (2000), and the district court made clear it viewed supervised release as a vehicle to promote Mr. Young's rehabilitation.

Mr. Young points out that the district court, by its own admission, had never before imposed a lifetime term of supervised release, arguing that this disparity in sentencing and Mr. Young's young age – he was just twenty-seven years old at the time of his sentencing – supports a shorter sentence. Although the district court could have relied on those factors as rationales for imposing a shorter term of supervised release, neither of those facts rebuts the presumption of reasonableness

attached to Mr. Young's within-guidelines sentence. Moreover, the court was presented with evidence that Mr. Young had engaged in online chats with young boys about meeting for sex. Although Mr. Young said no meetings ever occurred and there is no evidence that they did, it is apparent that he had progressed beyond just viewing child pornography. Given our standard of review, we cannot conclude that Mr. Young's life term of supervised release is substantively unreasonable.

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge