FILED
United States Court of Appeals
Tenth Circuit

**March 4, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-3180 |
| | (D.Ct. No. 5:05-CR-40009-JAR-1) |
| MARC SHEA, | (D. Kan.) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Marc Shea appeals his sentence following revocation of his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release. He asserts the district court abused its discretion in imposing a sentence above the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range which he claims resulted in a procedurally and substantively unreasonable sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Shea's twenty-four-month term of imprisonment following revocation of his supervised release.

## I. Procedural Background

On February 23, 2005, a federal jury charged Mr. Shea with possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). After he pled guilty, the district court sentenced him to fifty-five months imprisonment and three years supervised release premised on general and special conditions of supervision. Mr. Shea's term of supervised release began on July 6, 2009.

On May 16, 2012, after at least three modifications to the conditions of Mr. Shea's supervised release based on his conduct,[1] Mr. Shea's probation officer

---

[1] On August 20, 2009, the district court ordered modification of the conditions of Mr. Shea's supervised release to include participation in an approved program for substance abuse: (1) after Mr. Shea admitted to drinking alcohol on five or six occasions while on supervised release, despite his chronic history of alcohol misuse; and (2) based on his possession of sexually explicit material on at least two occasions during his supervised release. On April 12, 2010, the district court also ordered modification of the conditions of Mr. Shea's supervised release to include his living at a residential re-entry center program as
(continued...)

petitioned the district court to revoke Mr. Shea's supervised release, alleging he failed to comply with a variety of ordered conditions, including the requirement he participate in a sex offender treatment program from which he was discharged for noncompliance.[2] The probation officer also alleged Mr. Shea violated a condition requiring him not to possess or have under his control any material depicting sexually explicit conduct involving adults or minors, child pornography, or visual depictions of minors engaged in sexually explicit conduct–all defined in 18 U.S.C. § 2256. According to the probation officer, Mr. Shea violated this condition, in part, by: (1) possessing a pornographic DVD and two pornographic magazines; and (2) admitting to possessing two pornographic magazines, visiting pornographic websites, viewing underage images and a pornographic magazine,

---

[1](...continued)
a result of "ongoing issues with [Mr. Shea's] self-management." One year later, on March 8, 2011, the district court again modified the conditions of his supervised release, requiring Mr. Shea to submit his person, house, residence, vehicles, papers, business or place of employment, and any property under his control to a search by a probation officer based on reasonable suspicion of contraband or evidence of a violation of the condition of release. The modification stemmed from the probation officer's prior unannounced home contact at Mr. Shea's residence where Mr. Shea consented to a search resulting in discovery of a video which Mr. Shea admitted contained pornography, in violation of his supervised release.

[2] This sex offender treatment program condition required submission to periodic polygraph testing to determine compliance, and in that regard, the probation officer alleged Mr. Shea failed polygraphs on February 17, 2010, September 26, 2011, and May 2, 2012, regarding whether he viewed any pornographic images. Later, at the revocation hearing, the government indicated it would not "weigh heavily on the polygraph results" and, instead, submitted other evidence in support of Mr. Shea's violations.

and finding some pornographic literature. Finally, the probation officer alleged Mr. Shea violated the condition requiring him to abstain from the use of alcohol during his supervised release when he admitted consuming alcohol on various occasions from August 13, 2009, through February 1, 2010, and tested positive for the presence of alcohol on February 20, 2010, which Mr. Shea attributed to Nyquil cold medication.

Thereafter, the district court conducted a hearing on the petition to revoke Mr. Shea's supervised release, during which the government provided overwhelming, incriminating evidence in support of its allegations that he violated the conditions of his supervised release. Its evidence included the testimony of two of Mr. Shea's probation officers, the actual pornographic DVD and magazines found in Mr. Shea's possession, and a computer monitoring report showing he viewed youthful adult pornography on multiple occasions on websites with names including words like "young," "teen," "youngest," and "teenies."

Mr. Shea testified on his own behalf, explaining he purchased pornography toward the end of his supervised release out of "frustration" caused, in part, by the fact he was grouped with actual child contact offenders during counseling; he also admitted purchasing pornography with the very money he intended to use to pay for his counseling class, stating he lacked the "skill set ... to say this is

wrong," and that he "acted out." He also admitted to acting out in using his computer to go to websites with sexually explicit adult images and did not dispute those websites had names such as youngporn.net and youngteensonly.com.

Mr. Shea also provided a copy of the psychological evaluation conducted by his licenced psychologist which noted Mr. Shea's own admission his initial exposure to child pornography occurred when he was in a period of emotional distress and browsing through standard adult pornography. However, the psychologist also generally noted "there is no evidence that use of internet child pornography leads to contact sexual offenses involving children," "[s]tatistical risk studies indicate a very low probability of recidivism (five percent or less) for Internet sexual offenders with no history of contact offenses," and that Mr. Shea presented a "moderate risk" "which may be addressed in individual therapy."

After considering and carefully outlining the evidence provided, including Mr. Shea's own admissions, the district court found Mr. Shea violated the conditions of his supervised release. In thoroughly discussing Mr. Shea's violations, the district court first credited Mr. Shea with controlling his substance abuse over the last two years, even though he initially violated the conditions of his supervised release by using alcohol. However, with respect to the pornography-related violations, the district court expressed its belief Mr. Shea did

not understand he had an addiction to child pornography, was "totally unaccepting" of the fact he had to stay away from pornography, and had minimized the gravity of what he did. In support, it recounted Mr. Shea's incriminating testimony he acted out in buying pornography and that he viewed it online based on certain frustrations. The district court stated its belief that as long as Mr. Shea continued to engage in viewing adult pornography, the potential existed he would again engage in the illegal conduct of viewing child pornography, making "the risk of recidivism ... high."[3] It also commented on the fact Mr. Shea had not been "amenable to supervision with respect to ... pornography" violations, the probation office had "exhausted its resources," and that, other than his progress with his alcohol abuse, Mr. Shea had made no further progress under the sex offender program than at the time of his supervised release and merely presented "a lot of excuses and justification[s]" for his lack of progress.

After finding Mr. Shea violated his supervised release, the district court noted the advisory Guidelines range was five to eleven months, while 18 U.S.C. § 3583(e)(3) allows for up to two years of custody. It then announced its intent to

---

[3] The district court also expressed its concern over the possibility that one who engages in addictive behavior in viewing child pornography "will act on those desires," even though the professional that Mr. Shea presented "seem[s] to think Mr. Shea won't act on this."

impose a "tentative" sentence of two years custody with no supervised release, stating it had considered the nature and circumstances of Mr. Shea's violations, his characteristics, the sentencing objectives required by statute, and the "advisory nonbinding Chapter 7 policy statements." In addressing these points, the district court explained, in part: (1) it and the probation office had "gone as far as we can go in supervising Mr. Shea," (2) "deterrence [was] ... one of the heaviest factors," and (3) its belief that "even one-on-one counseling" would not deter Mr. Shea from participating in this pornographic conduct or finding some justification for it, including using "frustration" as an excuse and dealing with frustration by engaging in violative conduct. It also found Mr. Shea was "not amenable to supervision," "[t]he compulsive nature of his continued violations present[ed] an increased risk to the community," and a two-year sentence would "afford Mr. Shea time to consider his violations and plan for the future while reviewing strategies that he's been taught in both the substance abuse and sex offender treatment programs."

After hearing statements from both Mr. Shea and his counsel in objection to the tentative sentence, the district court stated it had not changed its mind, revoked his supervised release, and imposed a final sentence of twenty-four months imprisonment. In announcing the final sentence, it again surmised Mr. Shea had received three years of treatment which never progressed past the first

level, illustrated a lack of motivation and reluctance to participate in group counseling, showed addictive behavior, and indicated a high risk of recidivism with regard to child pornography despite three years of counseling.

## II. Discussion

On appeal, Mr. Shea contends the district court imposed a procedurally and substantively unreasonable sentence by imposing the statutory maximum sentence of twenty-four months, rather than a sentence within the advisory Guidelines range of five to eleven months. The government opposes the appeal.

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, when a person violates the conditions of supervised release, the district court may modify the conditions of release or, as in this case, revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); 18 U.S.C. § 3583(e)(2), (3); Fed. R. Crim. P. 32.1(b); U.S.S.G. § 7B1.3(a). In imposing a sentence following revocation of supervised release, the district court is required to consider both the Guidelines Chapter Seven policy statements as well as the factors provided in 18 U.S.C. § 3553(a). *See United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). The Chapter Seven policy statements apply to violations of probation and supervised release and include advisory guideline ranges for sentences following revocation of

supervised release.  *See generally* U.S.S.G. Ch. 7 and §§ 7B1.3, 7B1.4.  With respect to the sentencing factors, they include not only "the nature of the offense" but the history and "characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...."  *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006); 18 U.S.C. § 3553(a).  The court may, after considering the factors set forth in § 3553(a)(1)-(7), "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense ...."  18 U.S.C. § 3583(e)(3).  In this case, § 3583 authorizes the district court to order a maximum sentence of two years in prison for his Class C felony.  *See* 18 U.S.C. § 3583(e)(3).

To revoke a term of supervised release, the district court must find by a preponderance of the evidence the defendant violated a condition of that release.  *See* 18 U.S.C. § 3583(e)(3); *United States v. Disney*, 253 F.3d 1211, 1212-13 (10th Cir. 2001).  As the trier of fact in a revocation proceeding, the district court has the exclusive function of appraising the credibility of the witnesses, determining the weight to give their testimony, and resolving any conflicts in the evidence.  *See United States v. Leach*, 749 F.2d 592, 600 (10th Cir. 1984).  Generally, we will not reverse a sentence following revocation of supervised

release if the record establishes the sentence is "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). Our appellate review for reasonableness includes both a procedural component as well as a substantive component, which we review for abuse of discretion. *See United States v. Ruby*, ___ F.3d ___, 2013 WL 323216, at *2 (10th Cir. Jan. 29, 2013) (slip op.). We review the district court's factual findings for clear error and its legal conclusions *de novo*. *Id.* However, in instances, like here, where objections to procedural reasonableness are not contemporaneously raised, we review them for plain error. *Id.* at *3.

"Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). On the other hand, "[a] challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 804 (10th Cir. 2008).

A. Procedural Reasonableness

In arguing his sentence is procedurally unreasonable, Mr. Shea contends the

district court: (1) relied on unsupported factual findings and failed to explain the reasons for the variant sentence, (2) relied on an impermissible factor by concluding his viewing and possession of adult pornography increased his risk of viewing child pornography, and (3) gave undue weight to his original child pornography offense and his possession of adult pornography while failing to sufficiently consider his psychologist's mitigating evaluation and the fact that viewing adult pornography is not as serious a violation of his supervised release as viewing child pornography.

As previously indicated, we review Mr. Shea's procedural reasonableness argument for plain error because he did not raise it before the district court. Under our plain error review, Mr. Shea must demonstrate: (1) there is an error; (2) that is plain; (3) which affects his substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings.[4] *See Ruby*, 2013 WL 323216, at *3. To establish an error as "plain," Mr. Shea must establish the error was "clear or obvious." *See United States v. Thornburgh*, 645 F.3d 1197, 1207-08 (10th Cir.), *cert. denied*, 132 S. Ct. 214 (2011). To show the alleged error affected a substantial right, he must show the error was

_____

[4] These elements are conjunctive and only "[i]f all four prongs are satisfied, may [we] then exercise our discretion to notice the forfeited error." *United States v. Gonzalez Edeza*, 359 F.3d 1246, 1250 (10th Cir. 2004) (internal quotation marks omitted).

-11-

"prejudicial," so that the error "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). Stated another way, he must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 81-82 (2004) (internal quotation marks omitted). As to the fourth prong, in order to show the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings, Mr. Shea must demonstrate that a failure to correct the alleged error would result in a "miscarriage of justice." *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005). One can establish such an error by demonstrating "a strong possibility of receiving a significantly lower sentence" absent the error. *United States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009) (internal quotation marks omitted).

Beginning with Mr. Shea's argument the district court relied on unsupported factual findings in imposing his sentence, the government admits, and the record shows, the district court mis-characterized evidence when it found Mr. Shea admitted in August 2010 to both viewing and having an interest in pornography when, instead, conflicting evidence existed on whether Mr. Shea actually admitted to the probation officer on August 23, 2010, that he had viewed pornography, and other evidence established they only talked "about his interest

-12-

in child pornography at that time," in which he apparently denied having an interest. However, our review of the record shows that all of the district court's other findings of fact concerning Mr. Shea's violations of his supervised release are clearly and overwhelmingly supported by the record.[5]

As a result, with the exception of one finding among a plethora of others, the record overwhelmingly supports the district court's findings of fact showing Mr. Shea violated the conditions of his supervised release on numerous occasions. Thus, while the district court made one finding in error, which was plain, it did not affect Mr. Shea's substantial rights, as he has not shown either "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different," *Dominguez Benitez*, 542 U.S. at 81-82, or "a strong possibility of receiving a significantly lower sentence," absent the error, *Meacham*, 567 F.3d at 1190.

---

[5] These include Mr. Shea's: (1) admission in August 2009 to finding and keeping graphic pornography, consuming alcohol on several occasions, and receiving an erotic massage; (2) failure to report for drug and/or alcohol testing on at least three occasions; (3) testing positive for alcohol on February 20, 2010; (4) admission, when approached in December 2009, to drinking alcohol and visiting pornographic websites with youthful names; (5) admission in April 2010 to looking at similar websites; (6) failure on August 24, 2010, to report for sex offender treatment; (7) possession on February 7, 2011, of a pornographic DVD; (8) admission on May 2, 2011, to having pornographic magazines at work which officers later found in a trash bag; and (9) discharge from his sex-offender treatment program for failing to "progress."

In addition, the district court did not fail to adequately explain the reason for imposing Mr. Shea's variant sentence. Rather, it thoroughly and repeatedly explained the reasons for the twenty-four-month sentence it imposed. We also reject Mr. Shea's argument the district court relied on an impermissible factor by concluding his viewing and possession of adult pornography increased his risk of viewing child pornography. This assessment was based on legally permissible factors related to his prior offense and personal characteristics and history. Thus, while his psychologist generally stated studies indicate a very low probability of recidivism for internet sexual offenders with no history of sexual contact and assessed Mr. Shea as a moderate risk, the evidence presented at the hearing also established Mr. Shea admitted to the same psychologist that he began viewing child pornography after both viewing adult pornography and becoming frustrated with an event in his life. Given he made similar admissions at his hearing, stating he viewed pornography during his supervised release as a means to vent his frustration and for the purpose of acting out, one could reasonably conclude that the very conditions that initially caused Mr. Shea to view child pornography existed during his supervised release, and therefore, the potential existed he would again engage in the illegal conduct of viewing child pornography. This conclusion is bolstered by the fact Mr. Shea not only viewed adult pornography, but on multiple occasions viewed internet websites which contained youthful names or titles, thereby supporting the district court's belief such a potential

-14-

existed and the risk of recidivism was high.

As a result, based on this evidence and the reasonable inferences therein, we cannot say the district court acted unreasonably in concluding Mr. Shea's conduct, including his prior offense and personal and criminal history, increased his risk of viewing child pornography beyond the general statistical risk assessments cited by the psychologist. Because the nature of his instant offense and his personal and criminal history are all enumerated § 3553(a) factors, rather than legally erroneous factors, the district court did not commit an error, plain or otherwise, in their consideration or otherwise impose a procedurally unreasonable sentence. Finally, as to Mr. Shea's argument on the improper weight given some of the 18 U.S.C. § 3553(a) sentencing factors, he raises the same argument with respect to the substantive reasonableness of his sentence, which we address hereafter.

## B. Substantive Reasonableness

Mr. Shea argues his sentence is substantively unreasonable because district court erred in balancing the 18 U.S.C. § 3553(a) factors by giving: (1) "undue weight to [his] original offense"; (2) "overwhelming importance" to his viewing and possession of adult pornographic magazines, which he claims is not as serious as illegal child pornography; (3) "short shrift" to his psychologist's evaluation

internet sexual offenders generally present a very low probability of recidivism and he presented a "moderate risk priority"; and (4) too little weight to other factors, such as the fact he committed no new crimes while on supervised release and admitted his transgressions to the probation officer.

As previously noted, a challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence. *Smart*, 518 F.3d at 804. In reviewing the substantive reasonableness of a sentence, "[w]e may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them," but must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 808 (internal quotation marks omitted). "Although the degree of variance from the Guidelines range remains a *consideration* on appeal, it may not define our threshold standard of review." *Id.* at 807 (internal citation omitted). In addition, we do not require the § 3553(a) factors "reach some specific level of evidentiary weight," and "although a district court must provide reasoning sufficient to support the chosen variance, it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance." *Id.*

In this case, the district court imposed a statutorily permissible sentencing variance, imposing a twenty-four-month sentence, as permitted by 18 U.S.C. § 3583(e)(3).  In so doing, it provided sufficient reasoning for such a variance, and it is evident it considered both the requisite § 3553(a) sentencing factors as well as the Chapter Seven policy statements, including the advisory Guidelines range.  *See generally* U.S.S.G. Ch. 7 and §§ 7B1.3, 7B1.4.  In varying upward from the five- to eleven-month imprisonment range set out in Chapter Seven, the district court considered Mr. Shea's prior offense and history and characteristics, including his repeated violations of the conditions of his supervised release.  It not only considered his cumulative conduct of non-compliance with the terms of his supervised release, but Mr. Shea's own testimony, when it determined he did not understand he had an addiction to child pornography, did not accept the fact he had to refrain from pornography, and had minimized the gravity of what he did.  We will not review on appeal the district court's credibility determinations applied in regards to the sufficiency of its § 3553(a) justifications.  *See United States v. Hanson*, 534 F.3d 1315, 1319 (10th Cir. 2008).

Moreover, as the government contends and we have already indicated, the district court could reasonably infer, through Mr. Shea's repeated online access to youthful genre adult pornography, that his interest in child pornography had not abated.  In addition, it also considered and weighed conflicting evidence

presented at the revocation hearing, including Mr. Shea's psychologist's general observation he presented only a moderate risk and could benefit from individual therapy, and determined, instead, based on the other evidence presented, that the potential existed he would again engage in the illegal conduct of viewing child pornography and that one-on-one counseling would not deter him from it. As previously discussed, the district court has the exclusive function of resolving any evidentiary conflicts, and we may not examine its ultimate assessment of the balance between the sentencing factors but give due deference to its decision that the § 3553(a) factors, on a whole, justify the extent of the variance.

In sum, the district court's explanation for a variant sentence following revocation was sufficiently compelling to support the degree of the variance and we are satisfied it considered the parties' arguments and had a reasoned basis for the variance. The sentence on revocation of supervised release is "reasoned and reasonable," *Contreras-Martinez*, 409 F.3d at 1241, and Mr. Shea has not otherwise demonstrated it is substantively unreasonable for the purpose of warranting reversal on appeal.

III. Conclusion

Accordingly, we **AFFIRM** Mr. Shea's twenty-four-month term of imprisonment following revocation of his supervised release.


                                                **Entered by the Court:**

                                                **WADE BRORBY**
                                                United States Circuit Judge