FILED
United States Court of Appeals
Tenth Circuit

**May 6, 2019**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN JAMES MILLER,

    Defendant - Appellant.

No. 18-8068
(D.C. No. 2:07-CR-00124-ABJ-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

This case involves the substantive reasonableness of a sentence

imposing supervised release for the duration of Mr. Stephen Miller's life.

The sentence stemmed from a conviction for interstate distribution of child

pornography and revocation of supervised release for multiple violations of

---

[*]     The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). We have thus decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

conditions. Given Mr. Miller's history, we conclude that the sentence was not substantively unreasonable.

This Court applies the abuse-of-discretion standard when reviewing the substantive reasonableness of a sentence.[1] A sentence within the guideline range is presumed reasonable, though the presumption is rebuttable.[2]

For sex-offense convictions, the sentencing guidelines recommend a life term of supervised release.[3] Given this recommendation, we presume that Mr. Miller's life term of supervised release was reasonable.[4] Mr. Miller tries to rebut the presumption, arguing that (1) his risk of recidivism is low and (2) he is unlikely to comply with the lifetime prohibition against viewing pornography.

Mr. Miller argues that his risk of recidivism doesn't justify a life term of supervised release, pointing to his voluntary admission that he violated his conditions of supervised released and the legality of the actions constituting these violations. But at sentencing, the court

---

[1]     *Gall v. United States,* 552 U.S. 38, 41 (2007).

[2]     *United States v. Balbin-Mesa,* 643 F.3d 783, 788 (10th Cir. 2011).

[3]     U.S.S.G. § 5D1.2(b) (2016).

[4]     *Rita v. United States,* 551 U.S. 338, 350-51 (2007).

considered these factors and reasonably applied them in deciding to impose supervised release for the duration of Mr. Miller's life.[5]

Mr. Miller also contends that a life term of supervised release serves only to ensure future violations because he will continue to view otherwise-legal pornography at difficult times in his life. At the sentencing, Mr. Miller admitted that he had been addicted to pornography since he was very young. The district court carefully considered the impact of this addiction against the backdrop of Mr. Miller's risk factors such as residential instability, depression, and job loss. These risk factors led the court to regard the risk of recidivism as "moderate to high," and the court could reasonably consider pornography as a factor contributing to this risk

---

[5]    Though both parties rely on the sentencing transcript, it is not in the record on appeal. Given the parties' reliance on the transcript, we have taken judicial notice of it. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice of an order issued in the district court proceeding under review).

of reoffending.[6] We thus conclude that Mr. Miller's life term of supervised release is substantively reasonable.[7]

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[6] *See United States v. Shea*, 512 F. App'x 770, 777 (10th Cir. 2013) (unpublished) (upholding the district court's finding of a defendant's high risk of recidivism and prohibition against all sexually explicit materials after the defendant violated his supervised release by viewing adult pornography and content with "youthful names or titles"); *see also United States v. Martinez-Torres*, 795 F.3d 1233, 1238 (10th Cir. 2015) (holding that district courts may impose conditions prohibiting possession of otherwise-legal pornography so long as the courts justify the condition under the statutory sentencing factors); *accord United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998) (affirming a condition prohibiting the possession of otherwise-legal erotic materials because the condition was sufficiently related to protection of the public).

[7] *See, e.g.*, *United States v. Young*, 502 F. App'x 726, 728 (10th Cir. 2012) (unpublished) (affirming a life term of supervised release based on the district court's conclusion that the condition was needed to promote rehabilitation and prevent future crimes); *United States v. Harrison*, 899 F.3d 49, 53 (1st Cir. 2018) (holding that a life term of supervised release was substantively reasonable given the seriousness of possessing child pornography and the likelihood of reoffending); *see also United States v. Demarrias*, 895 F.3d 570, 575 (8th Cir. 2018) (rejecting a challenge to a life term of supervised release based on the defendant's statement that he was unlikely to comply with the conditions).